[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ISSUES
The matter comes to this Court by way of the plaintiff wife's Motion for Modification of Alimony and Child Support, Post Judgment dated April 27, 2000 (#128). The marriage of the parties was dissolved by decree of this Court on June 18, 1996. At the time of the dissolution, the parties had one minor child, BRADERICK RUSH, born June 17, 1988. The Court entered orders of joint legal custody, with the child's primary residence with the mother, subject to the father's visitation rights as spelled out at length in an Agreement dated June 18, 1996, and incorporated by reference in the decree. In addition, the Court awarded the mother child support in the amount of $134.00 per week, alimony in the amount of $1.00 per annum for nine (9) years, and the husband was to maintain, at his sole expense, health insurance for the child, including the deductible. Un-reimbursed medical expenses were to be divided equally. At the time of the dissolution, both parties were employed, the husband as a medical fellow earning $32,396.00 per annum, and the wife as a part-time medical technologist earning $2704.00 per annum. Both were residents of Connecticut. The husband has since moved to Texas where he practices general surgery. He has remarried and he now supports a child from that union. In addition, his income has increased substantially to $99,112.00 per annum. The wife works full time as a medical technician at Griffin Hospital and earns $30,264.00 per year. She also breeds horses as a side business, but her testimony would indicate that this is not a money-making proposition. Her 52 year old sister lives with her and contributes minimally to the support of the household. of more significance, the minor child has been diagnosed with a form of leukemia, and he is currently being treated in-patient at Yale-New Haven Hospital for this condition.
The question before the Court is whether or not there has been a substantial change of circumstances which would warrant a modification of the initial alimony and support orders, and whether or not an award of attorneys fees and costs is appropriate. CT Page 8943
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-62, 46b-82, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Regulations, hereby makes the following findings:
 1. There has been a substantial change of circumstances in that the defendant is now a practicing physician whose annual income has increased from $32,396.00 to $99,112.00.
 2. Based upon the financial affidavits of the parties, the presumptive level of basic child support is $220.00 per week, and the defendant's share of day care costs is $75.00 per week, for a total effective child support order in the amount of $295.00 per week.
 3. Based upon the substantial change in circumstances, it is equitable and appropriate to modify the initial alimony order.
 4. Because the defendant continues to maintain the health insurance coverage for the minor child, it is equitable and appropriate that the parties continue to share unreimbursed medical expenses equally.
 ORDER
THE PLAINTIFF'S MOTION FOR MODIFICATION HAVING BEEN HEARD, IT IS GRANTED, AND IT IS HEREBY ORDERED THAT:
 1. Commencing July 28, 2000, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $100.00 as and for periodic alimony, until the death of either party, the remarriage of the plaintiff, or June 18, 2005, whichever shall sooner occur.
 2. Commencing July 28, 2000, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $220.00 as and for basic child support, until such time as the oldest child shall reach the age of eighteen years. The foregoing notwithstanding, if the minor child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or his nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84(b) C.G.S. In addition, the defendant shall pay to the plaintiff the sum of $75.00 per week as and for his contribution to the day care CT Page 8944 expenses of the minor child, for a total child support payment of $295.00 per week.
 3. The Court hereby orders a Contingent Wage Withholding Order pursuant to Section 52-362 C.G.S. in order to secure the payment of the alimony and child support orders.
 4. Each party shall be responsible for his or her own legal fees incurred in connection with this Motion, however, the defendant shall reimburse the plaintiff for her costs incurred herewith, not to exceed $275.00, within thirty (30) days from the date of this order.
 5. All other orders shall remain in full force and effect in accordance with the decree and agreement of the parties, until further order of Court.
THE COURT
 By ______________________ Shay, J.